ORIGINAL

# In the United States Court of Federal Claims

No. 17-672C
(Filed: May 25, 2017)
(NOT FOR PUBLICATION)

**FILED**

**MAY 2 5 2017**

U.S. COURT OF
FEDERAL CLAIMS

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| ABRAHAM PORTNOV, | * |
| | * |
| Plaintiff, | * |
| | * |
| v. | * |
| | * |
| THE UNITED STATES, | * |
| | * |
| Defendant. | * |

Sua Sponte Dismissal for Lack of
Jurisdiction; Claims Against a Private
Party; Claims Against Federal Judicial
Officers; Collateral Attack of Prior
Judgments

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## OPINION AND ORDER

Plaintiff Abraham Portnov, proceeding pro se, alleges that he and his wife suffered personal injuries resulting from actions taken by employees of Carnival Corporation ("Carnival"), and then, as they sought legal redress for those injuries, were injured by actions of the federal judiciary. The court lacks jurisdiction to consider plaintiff's claims. Thus, without awaiting a response from defendant, the court grants plaintiff's application to proceed in forma pauperis and dismisses plaintiff's complaint.

## I. BACKGROUND

Plaintiff and his wife, both of whom hold Canadian and Israeli passports, purchased tickets from Carnival for a cruise that was scheduled to depart from Buenos Aires, Argentina on March 5, 2013.[1] At the cruise terminal, Carnival employees prevented plaintiff and his wife from boarding the ship because their Israeli passports did not contain visas for travel to the United States, where the cruise terminated. In addition, Carnival could not locate some of plaintiff's belongings that had already been placed on the ship. Although plaintiff and his wife ultimately were allowed to board the ship and were reunited with all of their belongings, they suffered from severe stress that negatively impacted the remainder of their trip.

---

[1] The court derives the facts in this section from the allegations in plaintiff's complaint, the contents of the exhibits attached to plaintiff's complaint, and information gleaned from PACER, the "electronic public access service that allows users to obtain case and docket information online from federal appellate, district, and bankruptcy courts . . . ." See Administrative Office of the United States Courts, Public Access to Court Electronic Records, https://www.pacer.gov (last visited May 23, 2017).

On June 23, 2014, plaintiff filed suit against Carnival in the United States District Court for the Northern District of California ("San Jose Court") seeking to recover damages for the stress they endured due to the purportedly discriminatory actions of Carnival's employees. United States Magistrate Judge Paul S. Grewal dismissed the suit for improper venue because the ticket contract included an arbitration clause requiring disputes to be arbitrated in Florida. Plaintiff appealed the dismissal of his suit to the United States Court of Appeals for the Ninth Circuit ("Ninth Circuit"), which summarily affirmed Judge Grewal's decision.

Plaintiff then filed suit against the United States in the United States District Court for the Western District of Washington ("Seattle Court") under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b)(1), 2671-2680 (2012), alleging "illegal actions" by Judge Grewal. The Seattle Court dismissed plaintiff's complaint upon concluding that Judge Grewal was immune from suit. When plaintiff discovered that Judge Grewal had left the bench, plaintiff filed a second suit in the Seattle Court against the United States restating his allegations against Judge Grewal. The Seattle Court dismissed this suit as frivolous, and the Ninth Circuit dismissed plaintiff's appeal as frivolous. Undeterred, plaintiff filed another suit in the San Jose Court on October 3, 2016, this time against Judge Grewal. Two magistrate judges recused themselves from hearing plaintiff's complaint, but a third magistrate judge heard the complaint and dismissed it as frivolous.

Plaintiff initiated suit in this court on May 22, 2017. As set forth in his complaint, he seeks damages for the personal injuries that he and his wife suffered due to the purportedly discriminatory actions of Carnival's employees and damages for the injuries he suffered due to the actions of the federal judiciary while pursuing legal redress.

## II. DISCUSSION

### A. Jurisdiction in the United States Court of Federal Claims

Whether a court has jurisdiction to decide the merits of a case is a threshold matter. See Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 94-95 (1998). "Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." Ex parte McCardle, 74 U.S. (7 Wall.) 506, 514 (1868). "The objection that a federal court lacks subject-matter jurisdiction may be raised by a party, or by a court on its own initiative, at any stage in the litigation, even after trial and the entry of judgment." Arbaugh v. Y & H Corp., 546 U.S. 500, 506 (2006) (citation omitted); accord Hertz Corp. v. Friend, 559 U.S. 77, 94 (2010) ("Courts have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it."); PIN/NIP, Inc. v. Platte Chem. Co., 304 F.3d 1235, 1241 (Fed. Cir. 2002) ("Jurisdiction is a threshold issue, and a court must satisfy itself that it has jurisdiction to hear and decide a case before proceeding to the merits." (citations omitted)). If the court finds that it lacks subject matter jurisdiction over a claim, Rule 12(h)(3) of

the Rules of the United States Court of Federal Claims ("RCFC") requires the court to dismiss that claim.

When considering whether to dismiss a complaint for lack of jurisdiction, a court assumes that the allegations in the complaint are true and construes those allegations in the plaintiff's favor. Henke v. United States, 60 F.3d 795, 797 (Fed. Cir. 1995). A pro se plaintiff's complaint, "'however inartfully pleaded,' must be held to 'less stringent standards than formal pleadings drafted by lawyers' . . . ." Hughes v. Rowe, 449 U.S. 5, 10 n.7 (1980) (quoting Haines v. Kerner, 404 U.S. 519, 520-21 (1972)). However, a pro se plaintiff is not excused from meeting basic jurisdictional requirements. See Henke, 60 F.3d at 799 ("The fact that [the plaintiff] acted pro se in the drafting of his complaint may explain its ambiguities, but it does not excuse its failures, if such there be."). In other words, a pro se plaintiff is not excused from his burden of proving, by a preponderance of the evidence, that the court possesses jurisdiction. See McNutt v. Gen. Motors Acceptance Corp., 298 U.S. 178, 189 (1936); Reynolds v. Army & Air Force Exch. Serv., 846 F.2d 746, 748 (Fed. Cir. 1988).

The ability of the United States Court of Federal Claims ("Court of Federal Claims") to entertain suits against the United States is limited. "The United States, as sovereign, is immune from suit save as it consents to be sued." United States v. Sherwood, 312 U.S. 584, 586 (1941). The waiver of immunity "cannot be implied but must be unequivocally expressed." United States v. King, 395 U.S. 1, 4 (1969).

The Tucker Act, the principal statute governing the jurisdiction of this court, waives sovereign immunity for claims against the United States, not sounding in tort, that are founded upon the United States Constitution, a federal statute or regulation, or an express or implied contract with the United States. 28 U.S.C. § 1491(a)(1). However, the Tucker Act is merely a jurisdictional statute and "does not create any substantive right enforceable against the United States for money damages." United States v. Testan, 424 U.S. 392, 398 (1976). Instead, the substantive right must appear in another source of law, such as a "money-mandating constitutional provision, statute or regulation that has been violated, or an express or implied contract with the United States." Loveladies Harbor, Inc. v. United States, 27 F.3d 1545, 1554 (Fed. Cir. 1994) (en banc).

## B. The United States Is the Only Proper Defendant in the Court of Federal Claims

As an initial matter, it is well settled that the United States is the only proper defendant in the Court of Federal Claims. See 28 U.S.C. § 1491(a)(1) (providing that the Court of Federal Claims has jurisdiction over claims against the United States); RCFC 10(a) (requiring that the United States be designated as the defendant in the Court of Federal Claims); Nat'l City Bank of Evansville v. United States, 163 F. Supp. 846, 852 (Ct. Cl. 1958) ("It is well established that the jurisdiction of this court extends only to claims against the United States, and obviously a controversy between private parties could not be entertained." (footnotes omitted)); Stephenson v. United States, 58 Fed. Cl. 186, 190 (2003) ("[T]he only proper defendant for any matter before

this court is the United States, not its officers, nor any other individual."). Accordingly, the court lacks jurisdiction to entertain plaintiff's claims against Carnival, including plaintiff's claim that Carnival's employees discriminated against him and his wife on the basis of religion.

## C. The Court of Federal Claims Lacks Jurisdiction to Entertain Plaintiff's Claims Against the United States

Plaintiff also asserts claims against the United States, alleging that the federal judiciary caused him injury during his pursuit of legal redress from Carnival. First, to the extent that plaintiff is alleging that individual federal judicial officers caused him injury, the Court of Federal Claims lacks jurisdiction to entertain such allegations. See Brown v. United States, 105 F.3d 621, 624 (Fed. Cir. 1997) ("The Tucker Act grants the Court of Federal Claims jurisdiction over suits against the United States, not against individual federal officials."); Frank's Livestock & Poultry Farm, Inc. v. United States, 17 Cl. Ct. 601, 607 (1989) (recognizing that the Court of Federal Claims does not have jurisdiction over claims against federal officials); see also Wood v. United States, 961 F.2d 195, 197 (Fed. Cir. 1992) (noting that federal "district courts have . . . exclusive jurisdiction over tort claims for any amount if they fall within the Federal Tort Claims Act"[2]); cf. Stump v. Sparkman, 435 U.S. 349, 355-56 (1978) (recognizing that federal judges are immune from suit when, "at the time [the judge] took the challenged action," the judge had the authority to act).

Second, to the extent that plaintiff is attacking the prior judgments of the San Jose Court, the Seattle Court, and the Ninth Circuit, the Court of Federal Claims lacks the authority to review such judgments. As explained by the United States Supreme Court:

> Congress has prescribed a primary route, by appeal as of right and certiorari, through which parties may seek relief from the legal consequences of judicial judgments. To allow a party who steps off the statutory path to employ . . . [a] collateral attack on the judgment would—quite apart from any considerations of fairness to the parties—disturb the orderly operation of the federal judicial system.

U.S. Bancorp Mortg. Co. v. Bonner Mall P'ship, 513 U.S. 18, 27 (1994); accord Vereda, Ltda. v. United States, 217 F.3d 1367, 1375 (Fed. Cir. 2001) ("[T]he Court of Federal Claims cannot entertain a taking claim that requires the court to 'scrutinize the actions of' another tribunal." (quoting Allustiarte v. United States, 256 F.3d 1349, 1352 (Fed. Cir. 2001))); Joshua v. United States, 17 F.3d 378, 380 (Fed. Cir. 1994) ("[T]he Court of Federal Claims does not have jurisdiction to review the decisions of district courts . . . relating to proceedings before those courts."). Thus, the court must dismiss plaintiff's claims against the United States.

---

[2] The Court of Federal Claims is not a federal district court. See Ledford v. United States, 297 F.3d 1378, 1382 (Fed. Cir. 2002).

### III.  APPLICATION TO PROCEED IN FORMA PAUPERIS

As previously noted, plaintiff filed, concurrent with his complaint, an application to proceed in forma pauperis.  Pursuant to 28 U.S.C. § 1915, the Court of Federal Claims may waive filing fees and security under certain circumstances.  See 28 U.S.C. § 1915(a)(1); see also Hayes v. United States, 71 Fed. Cl. 366, 366-67 (2006) (concluding that 28 U.S.C. § 1915(a)(1) applies to both prisoners and nonprisoners alike).  Plaintiffs wishing to proceed in forma pauperis must submit an affidavit that lists all of their assets, declares that they are unable to pay the fees or give the security, and states the nature of the action and their belief that they are entitled to redress.  28 U.S.C. § 1915(a)(1).  Here, plaintiff has satisfied all three requirements. Accordingly, the court grants plaintiff's application and waives his filing fee.

### IV.  CONCLUSION

As explained above, the court lacks jurisdiction to consider any of plaintiff's claims. Thus, although the court **GRANTS** plaintiff's application to proceed in forma pauperis, it **DISMISSES** plaintiff's complaint **WITHOUT PREJUDICE**.  No costs.  The clerk is directed to enter judgment accordingly.

**IT IS SO ORDERED.**

MARGARET M. SWEENEY
Judge